Fee Paid NP 5

**PINNOCK & WAKEFIELD**
A Professional Corporation
David C. Wakefield, Esq. Bar #: 185736
3033 Fifth Avenue, Suite 410
San Diego, CA 92103
Telephone: 619.858.3671
Facsimile: 619.858.3646

Attorneys for Plaintiffs

E-FILING

Filed
NOV 1 9 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHRL

| | |
|---|---|
| **ROBERT McCARTHY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**W2005 NEW CENTURY HOTEL PORTFOLIO, L.P.; AND DOES 1 THROUGH 10, Inclusive,**<br>**Defendants.** | **Case No.: C 07 05859 HRL**<br><br>**COMPLAINT**<br><br>**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**<br>**[42 U.S.C. 12182(a) ET. SEQ; CA CIVIL CODE 51, 52, 54, 54.1, 54.3]**<br><br>**DEMAND FOR JURY TRIAL**<br>**[F.R.Civ.P. rule 38(b)]** |

## INTRODUCTION

1. Plaintiff ROBERT McCARTHY herein complains, by filing this Civil Complaint in accordance with rule 8 of the Federal Rules of Civil Procedure in the Judicial District of the United States District Court of the Northern District of California, that Defendants have in the past, and presently are, engaging in discriminatory practices against individuals with disabilities. Plaintiff alleges this civil action and others substantial similar thereto are necessary to compel access compliance because empirical research on the effectiveness of Title III of the Americans with Disabilities Act indicates this Title has failed to achieve full and equal access simply by the

executive branch of the Federal Government funding and promoting voluntary compliance efforts. Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights action, the public accommodations do not remove the access barriers. Therefore, Plaintiff makes the following allegations in this federal civil rights action:

## INTRADISTRICT ASSIGNMENT

2. Pursuant to Local Rule 3-2, this action should be assigned to the San Jose Division as the property that is the subject of this action is situated in Santa Clara County.

## JURISDICTION AND VENUE

3. The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq. Venue in the Judicial District of the United States District Court of the Northern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiffs' claims arose within the Judicial District of the United States District Court of the Northern District of California.

## SUPPLEMENTAL JURISDICTION

4. The Judicial District of the United States District Court of the Northern District of California has supplemental jurisdiction over the state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a). The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts. The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiff was denied full and equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws when he attempted to enter, use, and/or exit Defendants' facilities as described below within this Complaint. Further, due to this denial of full and equal access, Plaintiff ROBERT McCARTHY was injured. Based upon the said allegations, the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy and one would ordinarily expect the actions to be tried in one judicial proceeding.

## NAMED DEFENDANTS AND NAMED PLAINTIFF

5. Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. Plaintiff is informed and believes and thereon alleges that Defendant W2005 NEW CENTURY HOTEL PORTFOLIO, L.P. is doing business as the SHERATON SUNNYVALE HOTEL and the SHERATON SUNNYVALE HOTEL is located at 1100 North Mathilda Avenue, Sunnyvale, California, 94089, Assessor Parcel Number 110-27-025. Plaintiff is informed and believes and thereon alleges that Defendant W2005 NEW CENTURY HOTEL PORTFOLIO, L.P., is the owner, operator, and/or lessor of the real property located at 1100 North Mathilda Avenue, Sunnyvale, California, 94089, Assessor Parcel Number 110-27-025. Defendant W2005 NEW CENTURY HOTEL PORTFOLIO, L.P. is located at 85 Broad Street, New York, New York, 10004.

6. The words Plaintiffs and Plaintiff as used herein specifically include ROBERT McCARTHY.

7. Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, agents, of W2005 NEW CENTURY HOTEL PORTFOLIO, L.P. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

8. Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

## CONCISE SET OF FACTS

9. Plaintiff ROBERT McCARTHY (hereinafter "MCCARTHY") has physical impairments and due to these impairments he has learned to successfully operate a wheelchair for mobility.

Plaintiff MCCARTHY said physical impairments substantially limit one or more of the following major life activities including but not limited to: walking.

10. In the year 2007, Plaintiff MCCARTHY went to Defendants' public accommodation facilities known as the SHERATON SUNNYVALE HOTEL (hereinafter "SHERATON SUNNYVALE HOTEL"), located at 1100 North Mathilda Avenue, Sunnyvale, California, 94089, Assessor Parcel Number 110-27-025, to utilize their goods and/or services. When Plaintiff MCCARTHY patronized Defendants' facilities, he was unable to use and/or had difficulty using the public accommodations' facilities including but not limited to the disabled parking, exterior path of travel, guestroom, guestroom bathroom, guestroom closet, guestroom desk, guestroom operable controls, lobby men's restroom, pool, and shuttle facilities, as said facilities were not accessible because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG" and codified in 28 C.F.R. Part 36, App. A) and/or California's Title 24 Building Code Requirements. Defendants failed to remove barriers to equal access within their public accommodation facilities known as the SHERATON SUNNYVALE HOTEL.

11. Several days prior to patronizing Defendant's SHERATON SUNNYVALE HOTEL, Plaintiff McCARTHY communicated with the Manager of the SHERATON SUNNYVALE HOTEL, Mr. Kenny Kim, and confirmed with Mr. Kim that the hotel has two (2) designated accessible guestrooms, Guestroom 101 and Guestroom 102. On the date Plaintiff McCARTHY communicated with Mr. Kim, both rooms were occupied. Mr. Kim informed Plaintiff McCARTHY that both rooms have one (1) bed and that Guestroom 102 has a bathtub. Mr. Kim informed Plaintiff McCARTHY that all of the rooms were recently renovated. Plaintiff McCARTHY informed Mr. Kim that he wished to patronize the hotel and stay in Guestroom 102. This information was recorded in the hotel computer. When Plaintiff McCARTHY patronized Defendants' SHERATON SUNNYVALE HOTEL, Plaintiff MCCARTHY personally experienced difficulty with said access barriers at the SHERATON SUNNYVALE HOTEL. The following examples of known barriers to access are not an exhaustive list of the barriers to access that exist at Defendants' facilities. For example, the establishment fails to have any of the required "Van

Accessible" disabled parking. The disabled parking space that is located the closest to the lobby entrance fails to be accessible, as this disabled parking space fails to have the required access aisle and has very low disability signage mounted on a pillar. There fails to be a designated safe and accessible exterior path of travel leading to the hotel lobby from this designated disabled parking space, as there are uneven tiles on the walkway, causing a disabled patron who uses a mobility device to have a very bumpy and jarring push to the entrance. The designated disabled parking spaces located around the perimeter of the hotel buildings fail to be accessible, as they fail to have the required disability pole signage and fail to have the required access aisles. Additionally, there fails to be a designated safe and accessible exterior path of travel leading from the designated disabled parking spaces around the hotel perimeter, as the location of the disabled parking spaces require a disabled patron to exit his or her vehicle onto an uneven surface, such as a curb ramp.

12. When Plaintiff McCARTHY registered for his hotel room, he was informed that the hotel has two (2) designated accessible guestrooms and they are Guestroom 101 and another one (1) in the 300 building, both of which had one (1) bed and a roll-in shower. The SHERATON SUNNYVALE HOTEL has one hundred seventy-three (173) guestrooms. For hotels that have between one hundred fifty-one (151) and two hundred (200) guestrooms, a hotel must have six (6) fully accessible guestrooms, plus two (2) additional fully accessible guestrooms with a roll-in shower. Mr. Kim, the manager, had informed Plaintiff McCARTHY previously that all guestrooms had been recently remodeled. Plaintiff McCARTHY repeated the conversation he had with Mr. Kim regarding Guestroom 102 being a designated accessible guestroom, with a bathtub. The registration clerk informed Plaintiff McCARTHY that when the first two (2) guestrooms are occupied, the hotel rents Guestroom 102 as an accessible guestroom. The registration clerk also informed Plaintiff McCARTHY that two (2) weeks prior, Guestroom 102 had been rented to a disabled woman who uses a wheelchair for mobility. As Plaintiff McCARTHY specifically requested an accessible guestroom with a bathtub, the hotel assigned Plaintiff McCARTHY to Guestroom 102. Guestroom 102 fails to be accessible for the following numerous reasons.

13. Both of the peepholes on the entrance door to Guestroom 102, fail to be accessible, as both

are too high to be accessible. One (1) peephole is mounted sixty inches (60") above the finished floor and the second peephole is mounted forty-five inches (45") above the finished floor. The night security latch is also too high to be accessible, as it is mounted fifty-two inches (52") high. The guestroom bathroom within Guestroom 102 also fails to be accessible. The bathtub fails to have the required bathtub bench. There is only one (1) horizontal grab bar mounted on the sidewall of the bathtub. The foot of the bathtub fails to have the required grab bar. At the head of the bathtub, there is a vertical grab bar. The bathtub fails to have the required handheld shower sprayer unit. The mounted showerhead is too high to be manipulated or directed, as it is mounted permanently at seventy-two inches (72") high. The shower activation mechanism located on the bathtub spigot also fails to be accessible, as it is small and requires tight grasping to pull. As a result, Plaintiff McCARTHY was unable to activate the shower. Additionally, the bathtub mixing valves and controls are mounted far from the edge of the bathtub and would require a disabled patron to lean forward and reach to the side at an awkward and unsafe angle to activate. The commode within this guestroom bathroom is extremely low, as it is a mere fourteen and one quarter inches (14 ¼") high. Also, the commode is located twenty-six inches (26") from the side grab bar. As a result, Plaintiff McCARTHY was unable to access the commode independently and required the assistance of his friend to use the commode. The bath towels within the guestroom bathroom of Guestroom 102 fail to be accessible, as they are located on a high shelf that is fifty-four inches (54") high. This rack is mounted behind the commode with only a frontal approach to the shelving. Also, the bottom edge of the mirror is too high to be accessible, as the bottom edge of the mirror is mounted forty-two inches (42") high.

14. The closet within Guestroom 102 also fails to be accessible, as the clothing rod is sixty-five inches (65") high, with a high shelf mounted above the rod that is sixty-eight inches (68") high. The desk provided within Guestroom 102 also fails to have the required knee clearance, as the desk knee clearance is a mere twenty-five and one-half inches (25 ½") high. The operable controls for the window latch and the bottom of the vertical curtain rods are all too high to be accessible. The window latch is fifty-nine inches (59") high and the bottom of the vertical curtain-closing rod is

fifty-six inches (56") high.

15. As Plaintiff McCARTHY was precluded from using the guestroom bathroom within Guestroom 102, Plaintiff McCARTHY attempted to use the Men's Restroom in the lobby of the SHERATON SUNNYVALE HOTEL. This men's restroom does have disability signage designating it as accessible. In the commode stall, the commode fails to have the required side grab bar. The centerline of the commode is twenty-two inches (22") from the left wall and twenty-one inches (21") from the sidewall. The toilet paper dispenser is mounted closely over the left grab bar, thereby preventing the use of the grab bar by a disabled person in transferring from a wheelchair to the commode. The commode seat protective cover dispenser is mounted too high to be accessible, as it is more than fifty-six inches (56") high. The commode blocks access to this protective cover dispenser. The coat hook on the interior side of the commode stall is too high to be accessible, as it is mounted sixty-six inches (66") high. The operable controls on the paper towel dispenser are mounted too high to be accessible, as the controls are forty-nine inches (49") high. Also, the bottom edge of the mirror is mounted too high to be accessible, as the bottom edge if forty-four inches (44") high.

16. The exit doors at Building #1 leading to the courtyard area are comprised of glass in a metal frame. These exit doors have low bottom rails and kick stops. Therefore, they fail to provide a smooth and uninterrupted surface on the bottom ten inches (10") of the door that allow the door to be opened with a wheelchair footrest without creating a hazard. These doors fail to have the required disability signage.

17. There are four (4) gated entrances to the pool area. All entrances leading into the pool area fail to be accessible, as all entrances require a patron to traverse down a short flight of stairs. There fails to be any disability directional signage informing patrons of the existence of an access ramp providing access to the pool area. Also, all of the pool gates have latching mechanisms mounted too high to be accessible. The gates themselves are comprised of vertical metal bars and fail to have the required smooth and uninterrupted surface on the bottom ten inches (10") of any gate that would allow the gate to be opened with a wheelchair footrest without creating a hazard. The pool

and Jacuzzi fail to have the required assistive lifting device that assists a disabled hotel guest into and out of the pool. Plaintiff McCARTHY was informed that the timer for the Jacuzzi fails to be accessible, as the timer requires tight grasping and/or twisting of the wrist to operate.

18. Plaintiff McCARTHY wished to use the SHERATON SUNNYVALE HOTEL's shuttle van. Plaintiff McCARTHY was precluded from using the shuttle van, as the van fails to have a wheelchair lift and fails to have any alternative accommodation.

19. Plaintiff can prove these barriers as Plaintiff conducted a preliminary survey of Defendants' facility. Plaintiff specifically alleges that Defendants knew, to a substantial certainty, that the architectural barriers precluded wheelchair access. First, Plaintiff will prove that Defendants had actual knowledge that the architectural barriers precluded wheelchair access and that the noncompliance with ADAAG as to accessible entrances was intentional. Second, due to the abundance of ADA information and constant news covers of ADA lawsuits, Defendants had actual knowledge of the ADA and decided deliberately not to remove architectural barriers. Third, Defendants have no plans to remodel. Fourth, Defendants had actual knowledge of ADA given all the ADA public awareness campaigns, the abundance of free ADA information and the media's constant ADA coverage. Fifth, a human being acting for the defendants made a conscious decision as to how to proceed given the presence of the architectural barriers. Plaintiff alleges any alternative methods preclude integration of wheelchair patrons, as it requires them to use a second-class entrance. Also, expert testimony will show the facility contained inaccessible features. Plaintiff alleges businesses often state that they have few customers with disabilities. Plaintiff alleges such customers avoid patronizing inaccessible businesses and are deterred from patronizing such businesses.

20. Plaintiff MCCARTHY intends to return to Defendants' public accommodation facilities in the immediate future. Plaintiff MCCARTHY is presently deterred from returning due to their knowledge of the barriers to access that exist at Defendants' facilities.

21. Pursuant to federal and state law, Defendants are required to remove barriers to their existing facilities. Further, Defendants had actual knowledge of their barrier removal duties under

the Americans with Disabilities Act and the Civil Code before January 26, 1992. Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

22. Plaintiff believes and herein alleges Defendants' facilities have access violations not directly experienced by Plaintiff MCCARTHY which would preclude or limit access by MCCARTHY and other persons with disabilities, potentially including but not limited to violations of the ADA, ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A) and Title 24 of the California Building Code. Plaintiff alleges Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments.

23. Based on these facts, Plaintiff alleges he was discriminated against each time he patronized Defendants' facilities. Plaintiff MCCARTHY was extremely upset due to Defendants' conduct.

**NOTICE**

24. Plaintiff is not required to provide notice to the defendants prior to filing a complaint. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir 2000).

**WHAT CLAIMS PLAINTIFF IS ALLEGING AGAINST EACH NAMED DEFENDANT**

25. W2005 NEW CENTURY HOTEL PORTFOLIO, L.P.; and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

26. Plaintiff aver that the Defendants are liable for the following claims as alleged below:

**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Claims Under The Americans With Disabilities Act Of 1990**

CLAIM I AGAINST ALL DEFENDANTS: **Denial Of Full And Equal Access**

27. Based on the facts plead at ¶¶ 9 - 23 above and elsewhere in this complaint, Plaintiff MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations. Plaintiff alleges Defendants are a public accommodation owned,

leased and/or operated by Defendants. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a). Thus, Plaintiff MCCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff MCCARTHY was denied equal access to Defendants' existing facilities.

28. Plaintiff ROBERT McCARTHY has physical impairments as alleged in ¶ 9 above because his conditions affect one or more of the following body systems: neurological, musculoskeletal, special sense organs, and/or cardiovascular. Further, Plaintiff MCCARTHY said physical impairments substantially limits one or more of the following major life activities: walking. In addition, Plaintiff MCCARTHY cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person. Moreover, Plaintiff MCCARTHY has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

CLAIM II AGAINST ALL DEFENDANTS: **Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities**

29. Based on the facts plead at ¶¶ 9 - 23 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

30. Additionally, the Defendants undertook an alteration that affects or could affect the usability of or access to an area of the facility containing a primary function after January 26, 1992.

Defendants further failed to make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

31. Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities constitutes discrimination for purposes of 42 U.S.C. §12183(a). Therefore, Defendants discriminated against Plaintiff in violation of 42 U.S.C. § 12182(a).

32. Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because Plaintiff ROBERT McCARTHY was denied equal access to Defendants' existing facilities.

CLAIM III AGAINST ALL DEFENDANTS: **Failure To Remove Architectural Barriers**

33. Based on the facts plead at ¶¶ 9 - 23 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a). Plaintiff is informed, believes, and thus alleges that architectural barriers which are structural in nature exist within the physical elements of Defendants' facilities in violation of Americans With Disabilities Act Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A; hereinafter "ADAAG") and Title 24 of the California Building Code. Title III requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).] Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination. [See 42 United States Code 12182(b)(2)(A)(iv).] Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because he was denied equal access to Defendants'

existing facilities.

CLAIM IV AGAINST ALL DEFENDANTS: **Failure To Modify Practices, Policies And Procedures**

34. Based on the facts plead at ¶¶ 9 - 23 above and elsewhere in this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a). Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff ROBERT McCARTHY was denied equal access to Defendants' existing facilities.

35. Based on the facts plead at ¶¶ 9 - 23 above, Claims I, II, and III of Plaintiffs' First Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with federal civil rights laws enacted for the benefit of individuals with disabilities.

36. WHEREFORE, Plaintiff prays for judgment and relief as hereinafter set forth.

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

37. Based on the facts plead at ¶¶ 9 - 23 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1. Defendants' facility violated California's Title 24 Accessible Building Code by failing to provide equal access to Defendants' facilities.

38. These violations denied Plaintiff ROBERT McCARTHY full and equal access to Defendants' facility. Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff ROBERT McCARTHY was denied full, equal and safe access to Defendants' facility, causing severe emotional distress.

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

39. Based on the facts plead at ¶¶ 9 - 23 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1. Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of Civil Code § 54.1.

CLAIM III: **Violation Of The Unruh Act**

40. Based on the facts plead at ¶¶ 9 - 23 above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to discriminate against Plaintiff and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.

41. Based on the facts plead at ¶¶ 9 - 23 above, Claims I, II, and III of Plaintiffs' Second Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiff alleges that Defendants' discriminatory

conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a state and national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with state civil rights laws enacted for the benefit of individuals with disabilities.

42. Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

**Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws**

43. Defendants, each of them respectively, at times prior to and including the date Plaintiff patronized Defendants' facilities, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all potions of this public facility. Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiff and other similarly situated persons with disabilities. Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' public accommodation facilities accessible pursuant to the Americans With Disability Act Access Guidelines (ADAAG) and Title 24 of the California Code of Regulations (also known as the California Building Code). Such actions and continuing course of conduct by Defendants, and each of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiff and of other similarly situated persons, justifying an award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code.

44. Defendants, and each of their actions have also been oppressive to persons with physical

disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as Plaintiff and other persons with physical disabilities who have been denied the proper access to which they are entitled by law. Further, Defendants, and each of their, refusals on a day-to-day basis to correct these problems evidence despicable conduct in conscious disregard for the rights of Plaintiff and other members of the public with physical disabilities.

45. Plaintiff prays for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a), in an amount sufficient to make a more profound example of Defendants and encourage owners, lessors/lessees, and operators of other public facilities from willful disregard of the rights of persons with disabilities. Plaintiff does not know the financial worth of Defendants, or the amount of damages sufficient to accomplish the public purposes of section 52(a) of the California Civil Code and section 54.3 of the California Civil Code.

46. Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

## DEMAND FOR JUDGMENT FOR RELIEF:

A. For general damages pursuant to Cal. Civil Code §§ 52 or 54.3;

B. For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A);

C. In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph B above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

D. For injunctive relief pursuant to 42 U.S.C. § 12188(a). Plaintiff requests this Court enjoin Defendants to remove all architectural and communication barriers in, at, or on their facilities including without limitation violations of the ADA, ADA Accessibility Guidelines and Title 24 of the California Building Code

E. For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, Cal. Code of Civil Procedure §§ 1032 and 1033.5, and Cal. Civil Code § 52, 54.3;

F. For treble damages pursuant to Cal. Civil Code §§ 52(a) or 54.3(a);

G. A Jury Trial and;

H. For such other further relief as the court deems proper.

Respectfully submitted:

**PINNOCK & WAKEFIELD, A.P.C.**

Dated: October 25, 2007

By: ____________________
DAVID C. WAKEFIELD, ESQ.
Attorneys for Plaintiff