IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Robert McCarthy,<br><br>        Plaintiff,<br>   v.<br><br>W2005 New Century Hotel Portfolio, LP,<br><br>        Defendant. | NO. C 07-05859 JW<br><br>**ORDER SUSTAINING DEFENDANT'S OBJECTION TO PLAINTIFF'S NOTICE OF NEED FOR MEDIATION; VACATING ORDER REFERRING CASE TO MEDIATION** |

Presently before the Court is Defendant's Objection to Plaintiff's Notice of Need for Mediation. (hereafter, "Objection," Docket Item No. 11.) Defendant filed this objection on October 10, 2008. To date, Plaintiff has not yet filed a response to Defendant's objection.

On November 19, 2007, the Court issued a Scheduling Order requiring the parties to conduct a joint inspection of the premises that is the subject of Plaintiff's claim under the Americans with Disabilities Act ("ADA") by February 27, 2008. (See Scheduling Order at 1, Docket Item No. 2.) On September 28, 2008, Plaintiff filed a Notice of Need for Mediation pursuant to the Scheduling Order and the Northern District of California's General Order No. 56 ("General Order 56"). (See Docket Item No. 9.) On October 3, 2008, the Court referred the parties to contact the Court's ADR program no later than October 13, 2008. (Order Referring Case to Mediation at 2, Docket Item No. 10.)

Under General Order 56, in any action brought under the ADA, 42 U.S.C. §§ 12181-89, the parties are required to "jointly inspect the portions of the subject premises which are claimed to violate the [ADA]." (General Order 56 ¶ 3.) If within forty-five days after the joint inspection the

parties cannot reach an agreement on remediation or settlement, "the plaintiff shall file a 'Notice of Need for Mediation.'"  (Id. ¶ 6.)

In this case, Defendant contends that the joint inspection required by the Court's November 19, 2007 Scheduling Order and General Order 56 never happened.  (See Objection at 2.)  Defendant provides two letters from its counsel indicating that as of March 13, 2008 Plaintiff had taken no action in this case, including conferring with Defendant's counsel.  (Declaration of Marc B. Koenigsburg in Support of Objection to Plaintiff's Notice of Need for Mediation, Exs. A, B, Docket Item No. 11.)  Plaintiff did not state that an inspection had occurred in its Notice of Need for Mediation.  (See Docket Item No. 9.)  Nor did Plaintiff file an opposition to Defendant's present objection.  Thus, upon reconsideration, the Court finds that Plaintiff's Notice of Need for Mediation was premature.

Accordingly, the Court SUSTAINS Defendant's Objection and VACATES its October 3, 2008 Order Referring the Case to Mediation.  The parties are ordered to meet and confer within ten (10) days of this Order and to conduct a joint inspection of the property pursuant to General Order 56 no later than **November 21, 2008**.

A failure to comply with this Order or any other orders of the Court may result in sanctions, including, dismissal of the action under Fed. R. Civ. P. Rule 41(b) for lack of prosecution.

Dated:  October 21, 2008

JAMES WARE
United States District Judge

2

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  David C. Wakefield DavidWakefield@PinnockWakefieldLaw.com
Kathleen E. Finnerty Finnertyk@gtlaw.com
3  Marc Bradley Koenigsberg koenigsbergm@gtlaw.com

5  **Dated:  October 21, 2008**               **Richard W. Wieking, Clerk**

7                                             **By:      /s/ JW Chambers**
                                                   **Elizabeth Garcia**
                                                   **Courtroom Deputy**